Carlos A. Alvarez (State Bar No. 143839)
Jill K. Cohoe (State Bar No. 296844)
STEYER LOWENTHAL BOODROOKAS
 ALVAREZ & SMITH LLP
235 Pine Street, 15th Floor
San Francisco, California 94104
Telephone:   (415) 421-3400
Facsimile:   (415) 421-2234
E-mail:      calvarez@steyerlaw.com
             jcohoe@steyerlaw.com

Attorneys for Plaintiff Raymond Broman

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BROMAN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JENNY L. MARTIN, RICHARD MARTIN, INTERNAL REVENUE SERVICE, STATE OF CALIFORNIA, EMPLOYMENT DEVELOPMENT DEPARTMENT LIEN GROUP,<br><br>　　　　　　Defendants. | Case No. 2:23−CV−01936−MCE−AC<br>Hon. Morrison C. England, Jr.<br><br>**AMENDED COMPLAINT FOR BREACH OF CONTRACT, FRAUD/CONCEALMENT, NEGLIGENT MISREPRESENTATION, BREACH OF WARRANTY OF TITLE, EQUITABLE SUBROGATION, DECLARATORY RELIEF AND FOR MARSHALLING** |

Plaintiff Raymond Broman ("Plaintiff") hereby alleges, on information and belief, as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is the owner of that certain real property located in the County of Stanislaus and commonly known as 538 Oakridge Dr, Oakdale, California (the "Subject Property").

2. Plaintiff is informed and believes that defendant Jenny L. Martin, also known as Jenny Martin, and Richard Martin (collectively, the "Martins") were husband and wife, but may be currently divorced. The Martins were the owners of the Subject Property and sold the Subject Property to Plaintiff pursuant to a written residential purchase agreement (the "Purchase Agreement"), a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by reference.

3. Defendant Internal Revenue Service (the "IRS") is a federal governmental entity that Plaintiff is informed and believes claims at least five tax liens against the Subject Property totaling not less than $396,833.36. Defendant State of California Employment Development Department Lien Group ("EDD Lien Group") is a governmental entity of the State of California that Plaintiff is informed and believes claims at least two liens against the Subject Property totaling not less than $64,364.04. The claimed liens referred to in this paragraph are referred to herein as the "Claimed Tax Liens". Cumulatively, the Claimed Tax Liens total not less than $461,197.40.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictious names. Plaintiffs will amend this complaint to allege defendants' true names and capacities after they have been ascertained. Plaintiff is informed and believe that each of the factiously named defendants is in some manner legally responsible with respect to the matters herein alleged and/or

1
AMENDED COMPLAINT FOR BREACH OF CONTRACT, FRAUD/CONCEALMENT, NEGLIGENT MISREPRESENTATION, BREACH OF WARRANTY OF TITLE, EQUITABLE SUBROGATION, DECLARATORY RELIEF AND FOR MARSHALLING        CASE NO. 2:23−CV−01936−MCE−AC

claim some right, title, estate or interest in Subject Property.

5.   Plaintiff is informed and believes that every defendant named herein, except the IRS and the EDD Lien Group, was the agent, employee, and representative of each and every other defendant and that all acts herein alleged were performed within the scope and authority of such agency, employment, and representation and were approved of and ratified by each and every other defendant.

**FIRST CAUSE OF ACTION**
**(Breach of Contract Against All Defendants**
**Except the IRS and EDD Lien Group)**

1.   Plaintiff refers to and incorporates herein by reference paragraphs 1 through 5 of this complaint.

2.   On or about June 17, 2022, pursuant to the Purchase Agreement, defendants sold the Subject Property to Plaintiff for a purchase price of $369,000 (the "Sale"). In connection with the Sale, defendants breached their duty of disclosure and the Purchase Agreement, including but not limited to paragraph 11.M. of that agreement, by failing to disclose the Claimed Tax Liens. Defendants also breached the Purchase Agreement by failing to deliver title to the Subject Property free and clear of any liens or encumbrances that were not agreed to be assumed by Plaintiff. Plaintiff did not agree to assume the Claimed Tax Liens.

3.   Plaintiff has performed all conditions, covenants and promises to be required to be performed by him under the Purchase Agreement including payment of the $369,000 purchase price, except as excused by the above-described defendants' breaches.

4.   As a direct and proximate result of defendants' breaches, Plaintiff has been damaged in an amount not less than $461,197 to be proven at trial. Plaintiff is also entitled to reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
**(Fraud/Concealment Against All Defendants
Except the IRS and the EDD Lien Group)**

5. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 9 of this complaint.

6. Plaintiff is informed and believes that defendants, contrary to California law and the terms of the Purchase Agreement requiring defendants to disclose all material facts pertaining to the Subject Property, actively concealed from Plaintiff the existence of the Claimed Tax Liens. In or about May or June of 2022, the Martins provided a written disclosure statement to Plaintiff that failed to identify any state tax liens and which included an intentionally misleading statement that "[a]t one time there was an IRS tax lien" claimed against the Subject Property. This misleading statement indicated that there was only one IRS tax lien and that it was removed as a lien and no longer existed. As such, this statement was false.

7. Plaintiff is informed and believes that at the time defendants made these representations, they had no reasonable basis for believing them to be true. At the time these representations were made by defendants, and at the time that Plaintiff purchased the Subject Property, Plaintiff believed defendants' representations to be true and, in reliance on these representations, did purchase Subject Property and paid the purchase price of $369,000. Had Plaintiff known that the representations were false and the true facts, Plaintiff would not have taken such action. Plaintiff's reliance on defendants' representations were justified because Plaintiff reasonably believed that defendants would disclose all pertinent facts, material information pertaining to the Subject Property and would truthfully represent the liens against Subject Property.

8. As a direct and proximate result of defendants' misrepresentations and concealment, Plaintiff has been damaged in an amount not less than $461,197 to be proven at trial. Plaintiff is also entitled to reasonable attorneys' fees.

9. The conduct of defendants as alleged herein was and is tortious, malicious,

3

AMENDED COMPLAINT FOR BREACH OF CONTRACT, FRAUD/CONCEALMENT, NEGLIGENT MISREPRESENTATION, BREACH OF WARRANTY OF TITLE, EQUITABLE SUBROGATION, DECLARATORY RELIEF AND FOR MARSHALLING        CASE NO. 2:23−CV−01936−MCE−AC

outrageous, oppressive, despicable, fraudulent, in bad faith, and in conscious and knowing disregard of the rights of Plaintiff such as to entitle Plaintiff to an award of punitive damages according to proof.

### THIRD CAUSE OF ACTION
(Negligent Misrepresentation Against All Defendants
Except the IRS and EDD Lien Group)

10. Plaintiff refers to and incorporates herein by reference all allegations in paragraphs 1 through 14, above, as if set forth fully herein.

11. Plaintiff is informed and believes that in making the misrepresentations and nondisclosures herein alleged, defendants had a duty to fully and accurately represent and disclose the true facts as alleged herein, and defendants either knew or should have known that their representations and disclosures were false, incomplete or inaccurate and had no reasonable grounds for believing them to be true and complete. Plaintiff is informed and believes that defendants intended that Plaintiff rely on the misrepresentations and nondisclosures, and that Plaintiff reasonably relied on defendants' misrepresentations and nondisclosures.

12. As a proximate result of defendants' negligent misrepresentations and non-disclosures alleged herein, Plaintiff has been damaged in an amount not less than $461,197 to be proven at trial. Plaintiff is also entitled to reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
(Breach of Implied Warranty Against
All Defendants except the IRS and EDD Lien Group)

13. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 17 of this complaint.

14. As set forth above, pursuant to the Purchase Agreement, defendants agreed, among other things, to convey the Subject Property to Plaintiff by grant deed free and clear of all monetary liens not agreed to be assumed by Plaintiff. Plaintiff did not agree to assume the Claimed Tax Liens.

15. On or about June 17, 2022, the Martins conveyed the Subject Property to Plaintiff

4

AMENDED COMPLAINT FOR BREACH OF CONTRACT, FRAUD/CONCEALMENT, NEGLIGENT MISREPRESENTATION, BREACH OF WARRANTY OF TITLE, EQUITABLE SUBROGATION, DECLARATORY RELIEF AND FOR MARSHALLING            CASE NO. 2:23−CV−01936−MCE−AC

pursuant to a grant deed, recorded as Document No. 2022-0044122 in the Official Records of Stanislaus County (the "Grant Deed"), a true and correct copy of which is attached hereto as <u>Exhibit 2</u> and incorporated herein by reference. Pursuant to, among other things, California Civil Code Section 1113, the Grant Deed contains an implied warranty of title.

16. Plaintiff is informed and believes that defendants breached the implied warranty of title contained in the Grant Deed based on the existence of the Claimed Tax Liens.

17. As a proximate result of defendants' breach of the statutorily implied warranty of title, Plaintiff has been damaged in an amount not less than $461,197 to be proven at trial. Plaintiff is also entitled to reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION
### (Equitable Subrogation Against the IRS, the EDD Lien Group and DOES 10-20)

18. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 22 of this complaint.

19. Plaintiff is informed and believes that at the time he purchased the Subject Property, there were outstanding liens, encumbrances, and obligations against the Subject Property, including a Deed of Trust in favor of Wells Fargo Home Mortgage (the "Wells Deed of Trust").

20. Plaintiff is informed and believes that Plaintiff's purchase money in connection with the Sale paid off the entirety of the Wells Deed of Trust and outstanding property taxes totaling at least $100,399.08.  Plaintiff is informed and believes that Plaintiff was not liable for said liens, encumbrances, and obligations, but caused said liens, encumbrances, and obligations to be fully repaid and satisfied, and did not satisfy said liens, encumbrances, and obligations as a volunteer.  Plaintiff is informed and believes it will have no adequate remedy at law, and unless this Court grants the relief herein prayed, it will be irreparably injured.

21. Plaintiff is entitled to a judgment enforcing the right to be equitably subrogated to all liens, encumbrances, and obligations secured by the Subject Property which were paid with

Plaintiff's purchase money in connection with the Sale, including the Wells Deed of Trust, under the terms and conditions of said instrument, including without limitation the power of sale. Plaintiff is informed and believes that a judgment enforcing Plaintiff's subrogation rights would not work any injustice to the rights of defendants, or any of them, because at the time the above-described liens, encumbrances, and obligations, were paid, defendants were aware of the existence of said liens, encumbrances, and obligations, and any interests they had in the Subject Property were subject to said liens, encumbrances, and obligations.

22.  As a proximate result of the forgoing, Plaintiff seeks an equitable interest in the original amount of $100,399.08 (plus interest from June 17, 2022) under the terms and conditions of said Wells Deed of Trust, including without limitation the power of sale, in the Subject Property.

## SIXTH CAUSE OF ACTION
### (Declaratory Relief Against the IRS, the EDD Lien Group and DOES 10-20)

23.  Plaintiff refers to and incorporates herein by reference paragraphs 1 through 22 of this complaint.

24.  An actual controversy has arisen and now exists between Plaintiff and defendants named herein in that Plaintiff contends and, Plaintiff is informed and believe that defendants deny, that (1) due to the value of the Subject Property and other matters, the scope and amounts, if any, of the Claimed Tax Liens, secured by the Subject Property is less than the face amount of the Claimed Tax Liens; (2) that Defendants named herein should not obtain a windfall or be placed in a better position due to the fraud of the Martins as alleged above by, among other things, obtaining more than the amounts that were secured by the Claimed Tax Liens, if any, against the Subject Property, before the fraud of the Martin as alleged above; (3) that the amounts, if any, secured by the Claimed Tax Liens do not include the amounts secured by the Wells Deed of Trust which was senior to the Claimed Tax Lien and which was paid off by plaintiff at the time of the fraud of the Martins and do not include the cost of enforcing and

collecting the amounts, if any, secured by the Claimed Tax Liens against the Subject Property.

25. Plaintiff seeks a declaration as to the matters set forth above.

26. Plaintiff is entitled to a judicial declaration as to the matters set forth above, including a declaration as to the scope and dollar amount, if any, that was secured by the Claimed tax liens before the fraud of the Martin as alleged above. Such a declaration is necessary and appropriate at this time so that all parties identified herein may ascertain their rights and duties with respect to the Subject Property and the Claimed Tax Liens.

### SIXTH CAUSE OF ACTION
**(Marshalling Against the IRS, the EDD Lien Group and DOES 10-20)**

27. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 26 of this complaint.

28. Plaintiff is informed and believes that the Claimed Tax Liens are secured by other property and assets, including that are held and generated by the plumbing business of defendant Richard Martin (the "Other Property and Assets"). Plaintiff is informed and believes that Defendants named herein have made no effort to collect any amount due on the Claimed Tax Liens as against the Other Assets and Property.

29. Plaintiff is informed and believes that there is adequate value in the Other Property and Assets to pay the Claimed Tax Liens in whole or in part.

30. Plaintiff is informed and believes that defendants named herein can resort to said Other Property and Assets in lieu of the Subject Property to satisfy the Claimed Tax Liens without injury to Plaintiff and without injustice to any other party.

31. Plaintiff intends service of this complaint on counsel for Defendants named herein to constitute Plaintiff's demand that defendants named herein resort only to the Other Property and Assets and not the Subject Property pursuant to the provisions of Civil Code sections 2899 and 3433.

32. Plaintiffs are informed and believe that unless defendants named herein are

required to first pursue enforcement remedies against the Other Property and Assets and not the Subject Property to recover any sums claimed owing and the Claimed Tax Liens, Plaintiff will be irreparably harmed.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For damages according to proof;
2. For equitable subrogation as alleged herein;
3. For declaratory relief as alleged herein;
4. For marshalling as requested herein;
5. For punitive damages according to proof;
6. For costs incurred herein including reasonable attorneys' fees pursuant to the Purchase Agreement and/or as permitted by law; and
7. For such other and further relief as the Court may deem just and proper.

Dated: October 4, 2023

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP

By: /s/ Carlos A. Alvarez
Carlos A. Alvarez
Jill K. Cohoe
Attorneys for Plaintiff Raymond Broman

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the office of Steyer Lowenthal Boodrookas Alvarez & Smith LLP and is a person of such age and discretion as to be competent to serve papers.

That on October 4, 2023, she served a copy of:

**AMENDED COMPLAINT FOR BREACH OF CONTRACT, FRAUD/CONCEALMENT, NEGLIGENT MISREPRESENTATION, BREACH OF WARRANTY OF TITLE, EQUITABLE SUBROGATION, DECLARATORY RELIEF AND FOR MARSHALLING**

by placing said document(s) in postage paid envelope(s) addressed to the persons listed below, which are the last known address(es), and deposited said envelope(s) in the United States mail in San Francisco, California

**ADDRESSEE(S):**

Phillip A. Talbert
United States Attorney
Rachel Davidson
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814

Jenny L. Martin
538 Oakridge Dr.
Oakdale, CA 95361-2528

Richard Martin
538 Oakridge Dr.
Oakdale, CA 95361-2528

1221 Post Road, Suite C
Oakdale, CA 95361-9109

**Richard and Jenny Martin**

2024 Miller Avenue
Modesto, CA 95354

7313 River Road
Oakdale, CA 95361

598 Arbor Court
Oakdale, CA 95361

1
PROOF OF SERVICE

State of California, Employment Development Dept. Lien Group
455 Golden Gate Ave Ste 11000
San Francisco, CA 94102-7020

Executed on October 4, 2023, at San Francisco, California.

_____
Patricia Spencer

PROOF OF SERVICE

2049342.1 - NATC.BROMAN