PHILLIP A. TALBERT
United States Attorney
RACHEL R. DAVIDSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail: Rachel.Davidson@usdoj.gov
Telephone: (916) 554-2700

Attorneys for the Internal
Revenue Service and the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BROMAN,<br><br>Plaintiff,<br><br>v.<br><br>JENNY L. MARTIN, also known as JENNY MARTIN; RICHARD MARTIN; INTERNAL REVENUE SERVICE; STATE OF CALIOFORNIA, EMPLOYMENT DEVELOPMENT DEPARTMENT LIEN GROUP; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.  2:23−CV−01936−MCE−AC<br><br>**ORDER RE DEFENDANTS' MOTION TO DISMISS** |

The Court having considered Defendants Internal Revenue Service ("IRS") and California Employment Development Department's ("EDD") (collectively "Defendants") Motion to Dismiss (ECF No. 12), and Plaintiff Raymond Broman's ("Plaintiff") Opposition thereto, the Court hereby Orders the following:

1.     Defendants' Motion to Dismiss Plaintiff's Sixth Cause of Action for Declaratory Relief is granted.  Plaintiff's claim for declaratory relief is not based on any recognized legal theory.  Although not artfully pled, Plaintiff's claim for declaratory relief seeks to reduce the "scope and amounts" of the EDD and IRS' tax liens to a value before the subject property was sold by the Martins to Plaintiff.  The Ninth Circuit in *Han v. United States*, 944 F.2d 526 (9th Cir. 1991) expressly rejected this argument, holding that a tax lien is unabated regardless of a sale or non-disclosure of the tax lien by the taxpayer

during the sale process. *Id.* at 528-29.  Plaintiff's Sixth Cause of Action for Declaratory Relief is thus dismissed with leave to amend.

  2. Defendants' Motion to Dismiss Plaintiff's Seventh Cause of Action for Marshalling is also granted.  The Ninth Circuit prohibits a marshalling claim against the government because marshalling cannot be invoked to prevent the government from enforcing valid tax liens against any property.  *See In re Ackerman,* 424 F.2d 1148, 1150 (9th Cir. 1970).  Therefore, Plaintiff's marshalling claim fails as a matter of law.  Plaintiff's marshalling claim is also deficient because he has not alleged that he is a junior lienholder or that there are "two funds" belonging to the same debtor (i.e., the Martins), as required by law.  *Myer v. United States*, 375 U.S. 233, 236-37 (1963).  Plaintiff's Seventh Cause of Action for Marshalling is dismissed with leave to amend.

  3. Plaintiff's request to file two new causes of action is denied.  Plaintiff has failed to comply with Federal Rule of Civil Procedure 16 and this Court's Pretrial Scheduling Order (ECF 2) in seeking leave to amend.  Absent the Court granting a properly noticed motion for leave to amend, Plaintiff is permitted only to amend the facts pertinent to the dismissed Sixth and Seventh Causes of Action that are dismissed by virtue of this Order.  Should Plaintiff attempt to amend the declaratory relief and marshalling causes of action, any amended complaint must be filed not later than twenty (20) days following the date this Order is electronically filed.  If no amended complaint is timely filed, these causes of action will be deemed DISMISSED with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  May 13, 2024

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE